THE STATE OF OHIO, APPELLEE, v. BEVLY, APPELLANT.

[Cite as State v. Bevly, 142 Ohio St.3d 41, 2015-Ohio-475.]

42

(No. 2013–0821—Submitted June 11, 2014—Decided February 11, 2015.)

LANZINGER, J.

{¶ 1} This case involves a challenge to the constitutionality of R.C. 2907.05(C)(2)(a), a subsection of the statute defining "gross sexual imposition," which subjects an offender to a mandatory prison term when evidence other than the testimony of the victim is admitted in the case corroborating the violation. We hold that the corroborating-evidence provision lacks a rational basis for distinguishing between cases on the basis of the presence or the absence of corroborating evidence and violates the due-process protections of the Fifth and Fourteenth Amendments to the United States Constitution. We further hold that in cases in which a defendant has pled guilty, imposing a mandatory prison term pursuant to R.C. 2907.05(C)(2)(a) when corroborating evidence of the charge

of gross sexual imposition is produced violates the defendant's right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

## I. Case Background

{¶ 2} In March 2012, appellant, Damon L. Bevly, pled guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony. At the plea hearing, the state called Detective Brian Sheline, who testified that Bevly had confessed to the offenses. The state also introduced a compact disc recording of Bevly's alleged confession. The state argued that Bevly's confession constituted corroborating evidence, and thus a mandatory prison sentence was required under R.C. 2907.05(C)(2)(a).

{¶ 3} Bevly argued that application of R.C. 2907.05(C)(2)(a) violated his right to a jury trial pursuant to the Sixth Amendment to the United States Constitution[1] and that the section's requirement of a mandatory prison term when corroborating evidence is introduced is unconstitutional because corroboration bears no rational relationship to the crime's severity. The state responded that the statute did not violate the Sixth Amendment because the statutory maximum for the offense was not increased and the General Assembly had a rational basis to impose a mandatory prison sentence upon the introduction of corroboration.

{¶ 4} The trial court agreed with Bevly. The court could find no rational basis for the distinction between gross-sexual-imposition cases in which there is corroborating evidence and those cases in which there is none. The court also concluded that a jury was required to make a finding regarding corroboration because introduction of this evidence enhanced the sentence from a mere possible prison term to a mandatory prison term. Bevly was sentenced to three years' imprisonment and five years of postrelease control.

{¶ 5} The state appealed, arguing that its introduction of the confession as corroborating evidence triggered a mandatory prison sentence pursuant to R.C. 2907.05(C)(2)(a). 2013-Ohio-1352, 2013 WL 1384472, ¶ 7. The Tenth District Court of Appeals reversed the judgment, holding that the General Assembly was justified in distinguishing between cases with and cases without corroborating evidence. *Id.* at ¶ 9, 19. In addition, the court of appeals concluded that the corroboration provision of R.C. 2907.05(C)(2)(a) was a sentencing factor that need not be found by a jury. *Id.* at ¶ 15.

---

1. In this appeal, Bevly also raises challenges to R.C. 2907.05(C)(2)(a) pursuant to Article I, Section 16 of the Ohio Constitution. Because the state constitutional challenges were not raised at the trial or appellate levels, we address only his federal constitutional claims in this opinion.

{¶ 6} Bevly appealed to this court, and we initially declined jurisdiction. 136 Ohio St.3d 1476, 2013-Ohio-3790, 993 N.E.2d 779. On reconsideration, we accepted Bevly's two propositions of law:

> 1. R.C. 2907.05(C)(2)(a) treats cases where there is corroborating evidence differently from those where there is none. Because there is no rational basis for this distinction, the statute violates the due process protections of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.
>
> 2. R.C. 2907.05(C)(2)(a) violates the right to trial by jury guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

136 Ohio St.3d 1561, 2013-Ohio-4861, 996 N.E.2d 987.

## II.  Legal Analysis

{¶ 7} Bevly was charged with, and pled guilty to, two counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4). The penalty provision is found at R.C. 2907.05(C)(2) and provides:

> Gross sexual imposition committed in violation of division (A)(4) or (B) of this section is a felony of the third degree. Except as otherwise provided in this division, for gross sexual imposition committed in violation of division (A)(4) or (B) of this section there is a presumption that a prison term shall be imposed for the offense. *The court shall impose on an offender convicted of gross sexual imposition in violation of division (A)(4) or (B) of this section a mandatory prison term* equal to one of the prison terms prescribed in section 2929.14 of the Revised Code for a felony of the third degree *if either of the following applies:*
>
> *(a) Evidence other than the testimony of the victim was admitted in the case corroborating the violation.*

(Emphasis added.)

{¶ 8} R.C. 2907.05(C)(2) thus establishes that a violation of R.C. 2907.05(A)(4) is a third-degree felony for which there is a presumption that a prison term be imposed. Pursuant to R.C. 2907.05(C)(2)(a), the court shall impose a mandatory prison term when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation."

*A.   R.C. 2907.05(C)(2)(a) lacks a rational basis for distinguishing between cases based upon the existence or nonexistence of corroborating evidence*

{¶ 9} Bevly argues that we should adopt the reasoning of the trial court and conclude that R.C. 2907.05(C)(2)(a) is unconstitutional because there is no rational basis for distinguishing between cases in which there is corroborating evidence and those cases in which there is none.  The trial court, as Bevly notes, found no other statute that enhances a penalty based upon the amount of evidence submitted in the case.  The state counters that the General Assembly has broad discretion in defining crimes and fixing punishments and that the corroborating-evidence provision is rationally based upon the General Assembly's desire to ensure that evidence other than the victim's testimony exists before a court would be required to impose a prison sentence.  Although the state does not identify any other statute that requires corroborating evidence before an enhanced sentence is mandated, it notes that R.C. 2907.06(B) requires the existence of corroborating evidence before a defendant can be convicted of the crime of sexual imposition.

{¶ 10} Although R.C. 2907.06(B) does contain a corroborating-evidence requirement, that requirement is fundamentally different from the one before us today because it constitutes an element of the offense.  R.C. 2907.05(C)(2)(a) is unique in Ohio felony-sentencing law in that it enhances the sentence imposed on the offender based on the quantity of evidence presented to prove guilt.

{¶ 11} In the context of R.C. 2907.05, the existence of corroborating evidence is irrelevant to the stated purposes of felony sentencing set forth in R.C. 2929.11—protecting the public from future crime and punishing the offender.  Nor is it comparable to the factors that guide the court in imposing the appropriate sentence for other offenses, such as the seriousness of the offender's conduct (e.g., the victim suffered serious physical or mental injury or that injury was exacerbated because of the victim's age, the offender abused a position of trust, or the offender was motivated by prejudice) or the likelihood of recidivism (e.g., the criminal history of the accused and the lack of remorse).  R.C. 2929.12.  And the existence of corroborating evidence adds nothing to the court's consideration of "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."  R.C. 2929.11(A).

{¶ 12} Further, the presentation of corroborating evidence differs from factors such as the use of a deadly weapon, *e.g.,* R.C. 2903.11(A)(2), the infliction of physical harm, *e.g.,* R.C. 2911.02, the quantity or type of drugs, *e.g.,* R.C. 2925.11, or the value of stolen property, *e.g.,* R.C. 2913.02, each of which increases the penalty used to elevate the degree of the offense in other statutes.  It also differs from other statutory penalty enhancements, such as specifications for using a

firearm to facilitate the commission of an offense, R.C. 2941.145, participating in criminal gang activity, R.C. 2941.142, using body armor, R.C. 2941.1411, or being a repeat violent offender, R.C. 2941.149, or a major drug offender, R.C. 2941.1410.

{¶ 13} Each of those factors allows a sentencing court to gauge the offender's culpability and likelihood of recidivism based on the offender's conduct or criminal history. Each also evaluates the severity of the offense based on the impact of the crime on the victim and society. In contrast, R.C. 2907.05(C)(2)(a) arbitrarily increases the penalty for gross sexual imposition committed against a child, based solely on whether the state presented corroborating evidence—such as the testimony of a witness, DNA evidence, clothing samples, or a confession— to establish guilt. But the quantity of evidence or the number of witnesses used to establish guilt is irrelevant to the imposition of punishment.

{¶ 14} Thus, the legislature has unconstitutionally created two different sanctions to be imposed on offenders who commit the same crime—differentiated only by the quantity of the evidence presented to prove guilt. This situation is impermissible because it denies due process and equal protection to those convicted of this criminal offense.

{¶ 15} In *State v. Thompkins*, 75 Ohio St.3d 558, 560, 664 N.E.2d 926 (1996), we explained that the rational-basis test provides that "laws passed by virtue of the police power will be upheld if they bear a real and substantial relation to the object sought to be obtained, namely, the health, safety, morals or general welfare of the public, and are not arbitrary, discriminatory, capricious or unreasonable."

{¶ 16} The state maintains that R.C. 2907.05(C)(2)(a) has a rational basis, in that it imposes more punishment on an offender when there is more evidence of guilt. But once an accused has been found guilty beyond a reasonable doubt of an offense, the quantity of evidence is irrelevant to the sentence.

{¶ 17} In addition, this statute creates a disincentive for an accused to confess to a crime. Although the accused's confession is, as the state admits, often "the lone available corroborating evidence" when the victim of gross sexual imposition is a child, this statute enhances punishment for those who confess. And as the trial court recognized, any law that discourages the accused from taking responsibility for the offense could also potentially force a child victim to endure a trial in order for the state to obtain a conviction.

{¶ 18} We conclude that there is no rational basis for imposing greater punishment on offenders based only on the state's ability to produce additional evidence to corroborate the crime. Corroborating evidence is irrelevant to determining the culpability of the offender, the severity of the offense, or the likelihood of recidivism. It bears no relation to ensuring that punishment is

graduated and proportional, and it does not serve any other theory of penal sanctions such as retribution, incapacitation, or rehabilitation. *See generally In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 50. And the corroborating evidence offered here—Bevly's confession to police—is merely cumulative of his admission of guilt at the plea hearing and provides no additional information that proves the offense or justifies an enhanced penalty.

{¶ 19} Thus, because R.C. 2907.05(C)(2)(a) lacks any reasonable relation to the apparent goals of the statute and denies equal protection of the law to those convicted of a crime, it is contrary to a constitutional sentencing scheme that must apply equally to all convicted and avoid arbitrary or vengeful sentencing of selected offenders.

*B. As applied, R.C. 2907.05(C)(2)(a) violates the right to trial by jury*

{¶ 20} Even if we were to hold that R.C. 2907.05(C)(2)(a) was constitutional, further analysis of the statute indicates that application of the statute in this case violates Bevly's right as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Under the low standard set in *State v. Economo*, 76 Ohio St.3d 56, 666 N.E.2d 225 (1996), anything other than the victim's testimony—including Bevly's confession—would constitute sufficient corroborating evidence.

{¶ 21} Bevly argues that the statute improperly and unconstitutionally takes away the jury's authority to determine whether there is corroborating evidence, which, if found, requires a mandatory sentence. The state counters that because no fact is decided in a court's determination of whether corroborating evidence was admitted in the case, the statute does not violate the Sixth Amendment right to a jury trial.

{¶ 22} The Supreme Court of the United States recently provided guidance on this issue in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). *Alleyne* overruled the court's previous decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). In both cases, the question was whether facts increasing the mandatory minimum sentence were elements of the crime that must be submitted to the jury or sentencing factors that can be left for a judge's determination. The defendant in *Harris* was charged with carrying a firearm in the course of committing a drug-trafficking crime, which carried a mandatory minimum sentence of five years. The five-year sentence could be increased to seven years if it was found that the defendant had brandished the firearm. *Id.* at 550–551. The court affirmed the judgment of the court of appeals that brandishing was a sentencing factor that was not required to be determined by the jury. *Id.* at 568–569. In reaching this conclusion, the

plurality opinion explained that "the jury's verdict has authorized the judge to impose the minimum with or without the finding." *Id.* at 557.

{¶ 23} In *Alleyne,* the Supreme Court revisited the same statute and issue presented in *Harris* and changed its position. This time it concluded, "Because the finding of brandishing *increased the penalty* to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt." (Emphasis added.) *Alleyne* at 2163. Because the judge, rather than the jury, made the brandishing finding, the court held that Alleyne's Sixth Amendment rights were violated. *Id.* at 2163–2164. The court's reasoning in *Alleyne* contradicted its earlier reasoning, stating:

> When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury. It is no answer to say that the defendant could have received the same sentence with or without that fact.

*Id.* at 2162.

{¶ 24} The court explained that the analysis pertaining to factors increasing a minimum sentence is similar to the analysis pertaining to factors increasing a maximum sentence by recognizing that "if a judge were to find a fact that increased the statutory maximum sentence, such a finding would violate the Sixth Amendment, even if the defendant ultimately received a sentence falling within the original sentencing range." *Id.* "The essential point," the court emphasized, "is that the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2162–2163. The court accordingly overruled *Harris. Id.* at 2163.

{¶ 25} Application of the principles set forth in *Alleyne* illuminates the issue whether R.C. 2907.05(C)(2)(a) violates Bevly's right to a jury trial. Without the existence of corroborating evidence, a conviction for third-degree gross sexual imposition under R.C. 2907.05(A)(4) subjects the offender to a maximum term of up to 60 months in prison. R.C. 2929.14(A)(3). That is not a mandatory term, although there is a presumption that prison time will be served. R.C. 2907.05(C)(2). And if the presumption is overcome, the court may impose a community-control sanction. R.C. 2929.15. But with the finding that corroborating evidence has been admitted, pursuant to R.C. 2907.05(C)(2)(a), the offender is subjected to a maximum *mandatory* prison term of 60 months. The corroborating evidence aggravates the prescribed punishment. Applying *Alleyne* to this case, we conclude that the corroboration requirement in R.C. 2907.05(C)(2)(a) is an element that would have been required to be found by a jury and that

application of the statute in Bevly's case violated the Sixth Amendment right to a jury trial.

{¶ 26} By its terms, R.C. 2907.05(C)(2)(a) elevates the minimum sentence for gross sexual imposition pursuant to R.C. 2907.05(A)(4) from a presumption of prison time to a mandatory prison term. In raising the floor of the minimum sentence, the statute produces a higher sentencing range. As explained by *Alleyne*, this "conclusively indicates that the fact is an element of a distinct and aggravated crime." *Alleyne*, —— U.S. ——, 133 S.Ct. at 2163, 186 L.Ed.2d 314.

{¶ 27} We reject the state's argument that under *Alleyne*, Bevly's argument still fails because no fact is determined in the corroborating-evidence requirement. According to the state's argument, once the court determines that additional evidence is legally sufficient to corroborate, the evidence satisfies the requirement regardless of what weight the jury would actually give the evidence. We read the statute differently. R.C. 2907.05(C)(2)(a) requires a mandatory sentence when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." It is true that corroborating evidence need not be independently sufficient to convict the accused or meet every essential element of the crime charged. *Economo*, 76 Ohio St.3d 56, 666 N.E.2d 225, syllabus. Nevertheless, the jury still must make a factual determination. Evidence is not corroborating simply because it has been admitted by the court, and under *Alleyne* the fact that corroborating evidence has been admitted is an aggravating fact that must be submitted to the jury. We therefore hold that a finding of the existence of corroborating evidence pursuant to R.C. 2907.05(C)(2)(a) increases the penalty to which a defendant convicted of gross sexual imposition is subjected and thus is an element that must be found by a jury beyond a reasonable doubt.

## III. Conclusion

{¶ 28} We reverse the judgment of the court of appeals for two reasons.

{¶ 29} We hold that because there is no rational basis for the provision in R.C. 2907.05(C)(2)(a) that requires a mandatory prison term for a defendant convicted of gross sexual imposition when the state has produced evidence corroborating the crime, the statute violates the due-process protections of the Fifth and Fourteenth Amendments to the United States Constitution. Furthermore, because a finding of the existence of corroborating evidence pursuant to R.C. 2907.05(C)(2)(a) is an element that must be found by a jury, we hold that the application of R.C. 2907.05(C)(2)(a) in this case violated Bevly's right to trial by jury found in the Sixth and Fourteenth Amendments of the United States Constitution. We reverse the judgment of the court of appeals, and we remand

the case to the trial court for imposition of its sentence in accordance with this opinion.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, KENNEDY, and O'NEILL, JJ., concur.

O'DONNELL, J., concurs separately.

FRENCH, J., dissents.

---

**O'DONNELL, J., concurring separately.**

{¶ 30} I agree with the majority that there is no rational basis for imposing greater punishment on offenders based on the state's ability to produce additional evidence to corroborate proof of the crime. In my view, corroborating evidence is different from other statutory sentencing factors that focus on the circumstances of the offense and the conduct and criminal history of the offender but that do not focus on the quantity of evidence presented to prove guilt.

{¶ 31} This resolution renders moot the question whether the trial court's factual findings also violated the Sixth Amendment right to trial by jury, and in my view, the majority's discussion of that claim is superfluous to our holding. "It is well settled that this court will not reach constitutional issues unless absolutely necessary." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9; *see also Ohioans for Fair Representation, Inc. v. Taft*, 67 Ohio St.3d 180, 183, 616 N.E.2d 905 (1993), quoting *Hall China Co. v. Pub. Util. Comm.*, 50 Ohio St.2d 206, 210, 364 N.E.2d 852 (1977) (" 'Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary' ").

{¶ 32} And as Judge Roberts, now Chief Justice Roberts, explained in *PDK Laboratories, Inc. v. United States Drug Enforcement Adm.*, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in the judgment), "the cardinal principle of judicial restraint [is that] if it is not necessary to decide more, it is necessary not to decide more."

{¶ 33} Here, it is unnecessary to decide whether R.C. 2907.05(C)(2)(a) implicates the Sixth Amendment rights of the accused, and therefore I would not address that issue as an alternative basis for resolving this case.

FRENCH, J., dissenting.

{¶ 34} When its victims are younger than 13, the crime of gross sexual imposition ("GSI") carries a mandatory prison term, as opposed to a presumption of prison, so long as "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." R.C. 2907.05(C)(2)(a). I cannot agree with the majority's conclusion that this corroboration provision simultaneously violates due process, equal protection, and the right to a jury trial. Therefore, I respectfully dissent.

### Due Process, Equal Protection, and Rational Basis

{¶ 35} The corroboration distinction in R.C. 2907.05(C)(2)(a) carries a "strong presumption of validity" and must survive a due-process or equal-protection challenge if it rationally relates to a legitimate government purpose. *Heller v. Doe*, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). This deferential rational-basis standard is "a paradigm of judicial restraint," *Fed. Communications Comm. v. Beach Communications, Inc.*, 508 U.S. 307, 314, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993), and "not a license for courts to judge the wisdom, fairness, or logic of legislative choices," *id.* at 313. "The Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted." (Footnote omitted.) *Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Therefore, a legislative classification must survive so long as a court can conceive of any "plausible" policy justification—regardless of whether the court views that reason as unwise, unfair, or illogical. *Beach Communications* at 313, 314.

{¶ 36} R.C. 2907.05(C)(2)(a) passes this deferential standard. The General Assembly rationally could have concluded that it is unwise or unfair to categorically mandate prison for every person guilty of GSI against a child victim and that more sentencing discretion is appropriate in cases when no evidence corroborated the child victim's testimony. By reserving the mandatory term (and the associated costs and resources) for convictions with the most evidence of guilt, the General Assembly has made a policy determination that corroboration is relevant to the punishment for child GSI convictions. As the court of appeals recognized in unanimously upholding the statute, "It seems obvious that the General Assembly felt that it was better to start out with a sentence that was not required to be mandatory and to make the sentence mandatory only if there is corroborative proof beyond the alleged victim's testimony that the crime was actually committed." 2013-Ohio-1352, 2013 WL 1384472, ¶ 9. *Accord State v. Ahlers*, 12th Dist. Butler No. CA2013–07–134, 2014-Ohio-3991, 2014 WL 4530148, ¶ 12–13.

{¶ 37} Reasonable minds can debate the wisdom of this policy. *See* Antkowiak, *Judicial Nullification*, 38 Creighton L.Rev. 545, 548 (2005) (arguing that "judges

should openly indulge doubts that they have about the guilt of the defendant as a mitigating factor in sentencing"). *Compare State v. Watson,* 61 Ohio St.3d 1, 17, 572 N.E.2d 97 (1991) (holding that "[r]esidual doubt of a capital defendant's guilt may properly be considered in mitigation") *with State v. McGuire,* 80 Ohio St.3d 390, 686 N.E.2d 1112 (1997) (abrogating *Watson* ). And as long as the question is " 'at least debatable,' " it is not subject to judicial veto in a rational-basis review. *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981), quoting *United States v. Carolene Prods. Co.,* 304 U.S. 144, 154, 58 S.Ct. 778, 82 L.Ed. 1234 (1938).

{¶ 38} The majority argues only that R.C. 2907.05(C)(2)(a) is a bad policy, citing its own belief that the existence of corroboration is "irrelevant" to punishment. Majority opinion at ¶ 11. As members of the judiciary, we cannot use rational-basis review to "substitute our personal notions of good public policy for" such legislative choices. *Schweiker v. Wilson,* 450 U.S. 221, 234, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). Regardless, it is hardly arbitrary to subject the same quanta of proof to the same sentencing consequences, especially when one of the goals of felony sentencing is that each sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 39} Accordingly, I believe that R.C. 2907.05(C)(2)(a) survives rational-basis scrutiny and does not offend due process or equal protection.

*The Sixth Amendment Right to a Jury Trial*

{¶ 40} Under the Sixth Amendment, "facts that increase mandatory minimum sentences must be submitted to the jury." *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 2163, 186 L.Ed.2d 314 (2013). This is an extension of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held the same with respect to facts that increase a sentence beyond the statutory maximum. Importantly, the *Apprendi* principle applies only to findings of "fact" that increase punishment, not to legal determinations that are necessary for punishment. *See James v. United States,* 550 U.S. 192, 213–214, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) (sentencing determination did not implicate *Apprendi* because it required "statutory interpretation, not judicial factfinding"); *United States v. Gabrion,* 719 F.3d 511, 532 (6th Cir.2013) (recognizing that "*Apprendi* does not apply to every 'determination' that increases a defendant's maximum sentence").

{¶ 41} The question, then, is whether the corroboration requirement in R.C. 2907.05(C)(2)(a) presents a question of "fact." It does not, and we explained why in *State v. Economo,* 76 Ohio St.3d 56, 60, 666 N.E.2d 225 (1996). In that case, we considered the corroboration requirement of the sexual-imposition statute, R.C. 2907.06(B), which states that "[n]o person shall be convicted * * * solely

upon the victim's testimony unsupported by other evidence." After surveying cases from other jurisdictions with similar corroboration requirements, we concluded that corroboration "is a threshold inquiry of legal sufficiency to be determined by the trial judge, not a question of proof, which is the province of the factfinder." *Economo* at 60.

{¶ 42} *Economo* is binding precedent and should be followed. Determining the existence of corroboration is a legal question regarding the quantum of evidence, one that is satisfied by even "[s]light circumstances or evidence which tends to support the victim's testimony." *Id.* The inquiry is akin to other evidentiary rulings within the province of the court. *See* Evid.R. 804(B)(3) (making out-of-court statements that inculpate or exculpate a criminal defendant inadmissible "unless corroborating circumstances clearly indicate [their] truthworthiness"). As stated by the "majority of jurisdictions" that had then considered the issue, "there is 'nothing exceptional about a court deciding a question such as corroboration * * * without the jury.'" *Fowler v. United States,* 31 A.3d 88, 92 (D.C.2011), quoting *United States v. Dickerson,* 163 F.3d 639, 642 (D.C.Cir.1999).

{¶ 43} The legal question of corroboration is fundamentally different from the elemental fact-finding at issue in *Apprendi* and its progeny. The statutes in those cases allowed sentencing courts to resolve disputed allegations about what the accused did; they did not address legal questions. *See, e.g., Apprendi,* 530 U.S. at 468, 120 S.Ct. 2348, 147 L.Ed.2d 435 (statute allowing increased punishment upon a finding that the defendant acted with a "purpose to intimidate"); *Blakely v. Washington,* 542 U.S. 296, 298, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (considering finding that the defendant acted with "deliberate cruelty"); *United States v. Booker,* 543 U.S. 220, 227, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (addressing finding that the defendant "possessed an additional 566 grams of crack"); *Alleyne,* —— U.S. ——, 133 S.Ct. at 2156, 186 L.Ed.2d 314 (finding that the defendant "brandished" a firearm). By contrast, the existence of corroborating evidence does not require judicial overreaching into the facts defining the offense. Indeed, corroboration is not a fact in this sense; it is *additional proof* of a fact. *See Black's Law Dictionary* 421 (10th Ed. 2014) (defining corroboration as "[c]onfirmation or support by additional evidence").

{¶ 44} For these reasons, I would affirm the court of appeals' judgment. Because the majority does not, I respectfully dissent.

---

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, Appellate Division, for appellee.

54

Yeura R. Venters, Franklin County Public Defender, and David L. Strait, Assistant Public Defender, for appellant.