[Cite as *State v. Myers*, 2015-Ohio-3927.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 CA 112 |
| ERIC MYERS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  14 CR 277


JUDGMENT:                    Affirmed in Part; Reversed in Part
                             and Remanded


DATE OF JUDGMENT ENTRY:      September 23, 2015


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CHRISTOPHER REAMER                      ANDREW T. SANDERSON
ASSISTANT PROSECUTOR                    BURKETT & SANDERSON
20 South Second Street, Fourth Floor    73 North Sixth Street
Newark, Ohio  43055                     Newark, Ohio  43055

*Wise, J.*

{¶1}.  Appellant Eric E. Myers appeals his conviction, in the Court of Common Pleas, Licking County, for one count of rape and several counts of gross sexual imposition. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2}.  Following a bind-over from the Licking County Juvenile Court, Appellant Myers was indicted by the Licking County Grand Jury on one count of rape (R.C. 2907.02(A)(1)(b)), a felony of the first degree, and five counts of gross sexual imposition (R.C. 2907.05(A)(4)), all felonies of the third degree.

{¶3}.  Counts I, II, and III involved appellant's acts in 2008 with a nine- or ten-year-old female victim, including digital insertion into the victim's vagina. Count IV involved acts at a youth camp in 2009 with a male victim under the age of thirteen. Counts V and VI involved acts in 2010 and/or 2011 with a female victim under the age of thirteen.

{¶4}.  Appellant originally entered pleas of not guilty to the charges in the indictment.  However, on November 21, 2014, appellant appeared with counsel and entered a plea of no contest to an amended rape charge (Count I), making the offense a felony of the first degree with no life specification, R.C. 2907.02(A)(2). Appellant further entered pleas of no contest to the remaining five counts (all GSI).

{¶5}.  Appellant was thereupon sentenced to a total term of fourteen years in prison.

{¶6}.  On December 22, 2014, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

**{¶7}.** "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE NO CONTEST PLEAS OF THE DEFENDANT-APPELLANT.

**{¶8}.** "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT."

I.

**{¶9}.** In his First Assignment of Error, appellant challenges the trial court's acceptance of his pleas of no contest to the five counts of gross sexual imposition.

**{¶10}.** Ohio Criminal Rule 11(C) addresses pleas of guilty and no contest in felony cases. It reads, in pertinent part:

**{¶11}.** " * * *

**{¶12}.** "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

**{¶13}.** "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶14}.** "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**{¶15}.** "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the

defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶16}.** " * * * "

**{¶17}.** In regard to the specific constitutional rights referenced in Crim.R. 11(C)(2)(c), *supra,* the Ohio Supreme Court has held that strict compliance is required on the part of the trial court. *See State v. Veney,* 120 Ohio St .3d 176, 897 N.E.2d 621, 2008–Ohio-5200, syllabus. However, appellant herein focuses on whether he was properly informed of the nature of the penalties for gross sexual imposition, which we find to be an issue pertaining to Crim.R. 11(C)(2)(a), rather than 11(C)(2)(c). Generally, in accepting a guilty plea, a trial court must "substantially comply" with Crim.R. 11(C), which we review based on the totality of the circumstances. *See State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 396 N.E.2d 757. In other words, "[f]or nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *State v. Osley,* Lucas App.No. L–11–1236, 2013–Ohio–1267, 2013 WL 1289527, ¶ 17, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. Specifically, a trial court must only substantially comply with Crim.R. 11(C) when notifying a defendant of the maximum penalty for the charged offense, as that right to notification has been recognized as a non-constitutional right. *See State v. Gosnell,* 2nd Dist. Montgomery No. 24213, 2011-Ohio-4288, ¶ 11.

**{¶18}.** In the case *sub judice*, appellant essentially asserts the trial court misinformed him concerning the mandatory nature of his sentence, particularly in light of

the Ohio Supreme Court's recent decision in *State v. Bevly*, 142 Ohio St.3d 41, 27 N.E.3d 516, 2015-Ohio-475. *Bevly* reviewed R.C. 2907.05(C)(2), which establishes that a violation of R.C. 2907.05(A)(4) (gross sexual imposition) is a third-degree felony for which there is a presumption that a prison term be imposed. Pursuant to R.C. 2907.05(C)(2)(a), a trial court is required to impose a mandatory prison term for GSI when "[e]vidence other than the testimony of the victim was admitted in the case corroborating the violation." The General Assembly thus intended that greater punishment is to be imposed on offenders based on the State's ability to produce additional evidence to corroborate the crime. However, the Ohio Supreme Court recently held that because there is no rational basis for the aforesaid provision in R.C. 2907.05(C)(2)(a), the statute violates the due process protections of the Fifth and Fourteenth Amendments to the United States Constitution. *See State v. Bevly*, 142 Ohio St.3d 41, 27 N.E.3d 516, 2015-Ohio-475, paragraph one of the syllabus.

{¶19}. A new interpretation of a rule or statute by the Ohio Supreme Court is generally applied to cases that are pending at the time of announcement, although it is not applied to cases that have already completed the direct appeal process. *See State v. Loyer*, 5th Dist. Stark No. 2009-CA-00312, 2010-Ohio-1181, ¶ 7, citing *State v. Evans* (1972), 32 Ohio St.2d 185, 291 N.E.2d 466. In the case *sub judice*, there is no dispute that the present appeal was pending in this Court on February 11, 2015, the date of the *Bevly* decision.

{¶20}. At the plea hearing in this matter, the trial court was notified that the State had available a DVD of appellant's interviews with law enforcement officials, which the State tendered as corroborating evidence of appellant's crimes. *See* Tr. at 3-4. The

court then asked defense counsel if appellant had any objection to the State offering the "statements of corroboration," to which defense counsel answered in the negative. Tr. at 4. The following exchange between the court and appellant took place shortly thereafter:

**{¶21}.** "Q. Each of the remaining charges is for Gross Sexual Imposition. Those charges are all felonies of the third degree and carry maximum prison sentences of up to five years each, and each of those counts also carries a minimum mandatory prison term of one year. Do you understand that?

**{¶22}.** "A. Yes, sir."

**{¶23}.** Tr. at 10.

**{¶24}.** Appellant also undisputedly signed written plea forms, although appellant maintains these forms "share the same defect as the verbal exchange with the defendant." Appellant's Brief at 7. Appellant also maintains the trial court added to its incorrect recitation of the GSI penalties by failing to inform him, per *Bevly*, that the facts related to the corroboration of claims for purposes of R.C. 2907.05(C)(2)(a) must be decided by a jury. *See Bevly* at ¶ 27.

**{¶25}.** Nonetheless, it is well-established that "an appellant who challenges his plea on the basis that it was not knowingly and voluntarily made must show a prejudicial effect." *State v. Houston*, 4th Dist. Scioto No. 12CA3472, 2014-Ohio-2827, ¶ 8 (additional citations omitted). Specifically, a defendant who enters a plea believing he or she faces a mandatory sentence when such sentence cannot actually be imposed generally will not meet the prejudice requirement to invalidate an otherwise knowing,

voluntary, and intelligent plea. *See State v. Younker,* 2nd Dist. Montgomery No. 26414, 2015-Ohio-2066, ¶ 25 - ¶ 27.

**{¶26}.** Accordingly, upon review, even if the trial court failed to substantially comply with the pertinent aspects of Crim.R. 11(C)(2)(a) in light of *Bevly*, under the circumstances presented we find no prejudicial error warranting reversal and vacation of appellant's no contest pleas.

**{¶27}.** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶28}.** In his Second Assignment of Error, appellant contends the trial court erroneously imposed mandatory sentences for gross sexual imposition. We agree in part.

**{¶29}.** As we stated in our analysis of appellant's First Assignment of Error, the Ohio Supreme Court recently held that because there is no rational basis for the mandatory sentence differentiation found in R.C. 2907.05(C)(2)(a), the statute violates the due process protections of the Fifth and Fourteenth Amendments to the United States Constitution. *See State v. Bevly*, *supra*.

**{¶30}.** The State herein concedes that this matter should be remanded for resentencing in light of *Bevly*. *See*, *e.g.*, *State v. Richardson*, 12th Dist. Clermont Nos. CA2014–03–023, CA2014–06–044, CA2014–06–045, 2015-Ohio-824, ¶ 105.

**{¶31}.** Therefore, appellant's Second Assignment of Error is sustained to the extent that the matter will be remanded for a new sentencing hearing limited to applying the holding of *Bevly* to the GSI verdicts.

{¶32}. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0909