[Cite as *State v. Artripe*, 2015-Ohio-4155.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 15CA7 |
| | : | |
| ROGER R. ARTRIPE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Knox County Court of
                                                      Common Pleas, Case No. 13CR05-
                                                      0083




JUDGMENT:                                    AFFIRMED




DATE OF JUDGMENT ENTRY:          October 2, 2015




APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

CHARLES T. MCCONVILLE                 JOHN A. DANKOVICH
KNOX CO. PROSECUTOR                   11 East High St.
MICHAEL D. MILLER                          Mount Vernon, OH 43050
117 East High St., Ste. 234
Mount Vernon, OH 43050

*Delaney, J.*

{¶1} Appellant Roger E. Artripe appeals from the Sentencing Entry of the Knox County Court of Common Pleas dated March 10, 2015. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal and may be found in our opinion at *State v. Artripe*, 5th Dist. Knox No. 14CA8, 2014-Ohio-4658 ["*Artripe I*"].

{¶3} Appellant was originally convicted of one count of rape of a child under the age of 13 pursuant to R.C. 2907.02(A)(1)(b) [Count I] and one count of gross sexual imposition pursuant to R.C. 2907.05(A)(4) [Count II]. The trial court merged the offenses and sentenced appellant upon Count I, imposing a sentence of life in prison with a possibility of parole after fifteen years.

{¶4} In *Artripe I*, we reversed appellant's conviction upon Count I because we found the trial court erred in failing to redact portions of a videotaped interview of the child victim. We affirmed appellant's conviction upon Count II and remanded the matter to the trial court.

{¶5} On February 6, 2015, appellant was resentenced to a prison term of 60 months upon Count II.

{¶6}   On February 27, 2015, appellee filed a "Motion to Resentence Defendant" based upon the decision of the Ohio Supreme Court in *State v. Bevly*, 142 Ohio St. 3d 41, 2015-Ohio-475, 27 N.E.3d 516.[1]

{¶7}   On March 6, 2015, appellant appeared before the trial court and was resentenced to a prison term of 60 months upon Count II.  In its Sentencing Entry dated March 10, 2015, the trial court states in part:

* * * *.

In imposing a maximum term, the Court considered:

1)  The physical and/or mental injury suffered by the victim of the offense due to the conduct of [appellant] was exacerbated because of the age of the victim, to wit: 4 years old;

2)  The victim of the offense suffered serious psychological harm as a result of the offense;

3)  [Appellant's] relationship with the victim facilitated the offense, to wit: step-grandparent;

4)  The offense [appellant] stands convicted of is a sex offense; and

5)  [Appellant] shows no genuine remorse.

* * * *.

---

[1] R.C. 2907.05(C)(2)(a) required a mandatory prison term for a defendant convicted of gross sexual imposition when the state produced evidence corroborating the crime.  In *Bevly*, the Ohio Supreme Court found the statute unconstitutional.  142 Ohio St. 3d 41, 2015-Ohio-475, 27 N.E.3d 516, paragraphs one and two of the syllabus.  *Bevly* is relevant to the instant case because in the first resentencing (February 6, 2015), the trial court imposed the prison term based in part upon a finding pursuant to R.C. 2907.05(C)(2)(a) that evidence other than the victim's testimony corroborated the offense.

{¶8} Appellant now appeals from the trial court's Sentencing Entry of March 10, 2015.

{¶9} Appellant raises one assignment of error:

### ASSIGNMENT OF ERROR

{¶10} "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE."

### ANALYSIS

{¶11} Appellant argues the maximum prison term imposed is contrary to law and constitutes an abuse of discretion. We disagree.

{¶12} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.* We have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶ 52.

{¶13} Subsequent to the Ohio Supreme Court's *Foster* decision, "[t]he decision to impose the maximum sentence is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory fact-finding provisions." *State v. Parsons,* 7th Dist. Belmont No. 12 BE 11, 2013–Ohio–1281, ¶ 14.

{¶14} In the instant case, on the record at the sentencing hearing, the trial court noted it considered the purposes and principles of sentencing contained in R.C. 2929.11 and considered the seriousness factors of R.C. 2929.12. The trial court cited the relevant factors listed in its sentencing entry, to wit: the physical and/or mental injuries to the victim, a 4-year-old child; the psychological harm to the victim; the offense was facilitated by the family relationship; the conviction is a sex offense; and appellant demonstrates no genuine remorse. The prison term of 60 months is within the statutory range for the offense of gross sexual imposition against a victim under the age of 13 and is in accordance with law. R.C. 2907.05(C)(2); R.C. 2929.14(A) and (C)(3)(a). We further find the sentence of the trial court is supported by the record and does not constitute an abuse of discretion.

{¶15} Finally, appellant summarily argues his sentence is disproportionate to those of similarly-situated individuals. A felony sentence should be proportionate to the severity of the offense committed so as not to "shock the sense of justice in the community." *State v. Chafin,* 30 Ohio St.2d 13, 17, 282 N.E.2d 46; R.C. 2929.11(B). A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *." *State v. Ewert,* 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 33, citing *State v. Breeden,* 8th Dist. No. 84663, 2005–Ohio–510, ¶ 81. Appellant has failed to provide any evidence his sentence is constitutionally disproportionate.

{¶16} Appellant's prison term of 60 months is not contrary to law and does not constitute an abuse of discretion.

**CONCLUSION**

{¶17} Appellant's sole assignment of error is overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.