[Cite as *State v. Thomas*, 2016-Ohio-1221.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 102976

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DAVID THOMAS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591440-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** March 24, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 W. St. Clair
Suite 212
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brett Kyker
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1}   Appellant David Thomas appeals his convictions and sentence.   Upon review, we affirm.

{¶2} Appellant was indicted on five counts of gross sexual imposition, each containing a sexually violent predator specification.   The two victims in the case were his minor grandchildren.   After initially pleading not guilty, appellant entered a change of plea to guilty to all five counts as amended to delete the specifications.   Appellant stipulated that the offenses were not allied offenses of similar import.

{¶3} At the change of plea hearing, the state set forth the proposed plea agreement on the record.   The trial court engaged in a colloquy with appellant, explained to appellant the rights he would be waiving by entering a plea of guilty, and detailed the nature of the amended charges along with the potential penalties they carried.   The trial court advised appellant that he could receive a prison sentence or be given a sentence of a community control sanction for up to five years.   Appellant proceeded to plead guilty to amended Counts 1 through 5.

{¶4} The sentencing hearing was held before a different judge.   The trial court heard from defense counsel, appellant, and the prosecutor.   Defense counsel noted that appellant was 71 years old, he had a number of health issues, and he had recently been sentenced to 16 years in prison in Medina County.   Defense counsel acknowledged appellant's conduct in this case was egregious, but highlighted that appellant was

cooperative with law enforcement, accepted responsibility for his actions, and was remorseful. Appellant apologized and expressed remorse.

{¶5} The prosecutor detailed the factual background. After it was discovered that appellant had been uploading child pornography images to the Internet, the police executed a search warrant and seized multiple electronic storage devices from appellant's residence. The bulk of the child pornography images were of appellant's granddaughter. Upon investigation, appellant admitted photographing both his five-year-old granddaughter and four-year-old grandson in a state of nudity while babysitting for them. Appellant admitted to masturbating while viewing the photographs and sharing the images online with like-minded individuals. He also admitted to inappropriate sexual contact with the victims. The state read two letters from family members into the record, both of which mentioned the severe emotional and behavioral problems the victims were experiencing as a result of appellant's sexual abuse. The prosecutor advised the trial court that appellant had been prosecuted in Medina County in connection with the child pornography offenses and had been sentenced to 16 years in prison.

{¶6} At sentencing, the trial court stated: "The section of the Ohio Revised Code that you have pled guilty to, Mr. Thomas, not only carries a presumption of prison, but under the circumstances of your crime, that being particularly R.C. 2907.05(A)(4) [sic], requires that the Court sentence you to mandatory time in this case." The trial court classified appellant as a Tier III sex offender, sentenced appellant to five years on each count to be served consecutively for a total prison term of 25 years, and ordered five years

of mandatory postrelease control.  The trial court clarified that the sentence was not being run consecutive to the other case for which appellant was serving 16 years in prison.

{¶7} Appellant filed this appeal.  He raises two assignments of error for our review.  Under his first assignment of error, appellant claims he "did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform [him] that he is not eligible for probation or for the imposition of community control sanctions."

{¶8} Appellant claims that his plea was invalid because the trial court should have apprised him that he was not eligible for probation or community control sanctions.  Appellant's argument is premised on the advisement that was given at sentencing, which differed from the advisement made at the time of his plea.  Although appellant refers to his sentencing hearing, we are cognizant that he is challenging his plea.

{¶9} Pursuant to Crim.R. 11(C)(2)(a), a trial judge may not accept a plea of guilty or no contest without addressing the defendant personally and

> [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and *if applicable*, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(Emphasis added.)

{¶10} At the change of plea hearing in this case, the trial court informed appellant that the offenses were punishable by a prison term of 12 to 60 months each and that he

could receive a prison sentence or be given a sentence of a community control sanction for up to five years. This advisement was proper.

{¶11} R.C. 2907.05(C)(2) establishes that a conviction for third-degree gross sexual imposition under R.C. 2907.05(A)(4) is a third-degree felony for which there is "a presumption that a prison term shall be imposed." *State v. Bevly*, 142 Ohio St.3d 41, 2015-Ohio-475, 27 N.E.3d 516, ¶ 8. The maximum term of incarceration for the offense is 60 months in prison. R.C. 2929.14(A)(3). Although R.C. 2907.05(C)(2)(a) elevates the prescribed punishment to a mandatory prison term if there is corroborating evidence of the crime, the Ohio Supreme Court deemed that section unconstitutional in *Bevly*. *Id*. at paragraphs one and two of the syllabus.

{¶12} *Bevly* was decided prior to the change of plea hearing that was held in this case. Therefore, appellant was properly advised of his eligibility for community control sanctions at the time of his guilty plea. The trial court's mistaken comments at sentencing concerning mandatory prison time have no bearing upon our review of appellant's plea. Upon our review of the record, we find that appellant's plea was knowingly, intelligently, and voluntarily entered and we uphold his convictions. Appellant's first assignment of error is overruled.

{¶13} Under his second assignment of error, appellant claims that the trial court erred by imposing a consecutive sentence without making the appropriate findings.[1]

---

[1] We note that the trial court sentenced appellant to the maximum term on each count and that the sentence was within the applicable sentencing range.

Under R.C. 2929.14(C)(4), consecutive sentences may be imposed if the trial court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any one of the following apply:

> (1) the offender committed one of more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

> (2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

> (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶14} A trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at the syllabus. However, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the

record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. at ¶ 29.

{¶15} In this case, the trial court found that consecutive sentences within the case were "necessary to protect the public [and] to punish the offender, [and] no one term would be sufficient for the gravity of this case." The court also found consecutive sentences were "not disproportionate to the severity of the conduct" and that "at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more offenses so committed was so great or unusual that no single term adequately reflects the seriousness of the offender's conduct."

{¶16} Appellant claims the trial court stated nothing to the effect that consecutive sentences were not disproportionate to "the danger the offender poses to the public" on the record or in the sentencing entry. However, the trial court's failure to employ the exact wording of the statute does not mean that the appropriate analysis is not otherwise reflected in the transcript or that the necessary finding has not been satisfied. *See State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 22; *State v. Hargrove*, 10th Dist. Franklin No. 15AP-102, 2015-Ohio-3125, ¶ 15. Here, the trial court remarked upon appellant's actions against the two young victims in the case as "horrible" and "unspeakable." The court determined that no one term would be sufficient for the gravity of the case and that consecutive sentences were necessary to protect the public. We can discern from the record that the trial court engaged in the proper analysis. Further, the trial court did state in the sentencing entry that "the consecutive sentences are

not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public[.]"

{¶17} Our review reflects that all of the required findings were made at the sentencing hearing. Further, the findings were incorporated into the sentencing entry. Appellant's second assignment of error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR