[Cite as *State v. Gau*, 2023-Ohio-4205.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

    Appellee

v.

BRANDON GAU

    Appellant

:
:
:
:
:
:
:
:
:
:
:

C.A. No. 29786

Trial Court Case No. 2023 CR 00030

(Criminal Appeal from Common Pleas
Court)

. . . . . . . . . . .

O P I N I O N

Rendered on November 22, 2023

. . . . . . . . . .

ROBERT ALAN BRENNER, Attorney for Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Brandon Gau appeals from his conviction in the Montgomery County Court of Common Pleas after he pleaded guilty to one count of gross sexual imposition (GSI) and was sentenced to 24 months in prison. For the reasons that

follow, the judgment of the trial court will be affirmed.

### I. Facts and Procedural History

{¶ 2} On February 6, 2023, Gau was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), third-degree felonies. The victim of the crimes was a 12-year-old boy. A few weeks later, Gau filed a motion to suppress; the trial court set a hearing date of April 6, 2023. Instead of a suppression hearing on that date, Gau decided to enter a guilty plea. In exchange for Gau's pleading guilty to one count and withdrawing his motion to suppress, the State agreed to dismiss the other GSI count.

{¶ 3} After accepting the guilty plea, the trial court ordered a presentence investigation. Gau was sentenced to 24 months in prison and designated a Tier II sex offender. He has filed a timely appeal that raises a single assignment of error.

### II. Guilty Plea

{¶ 4} In his lone assignment of error, Gau argues that his plea was not made in a knowing, intelligent, and voluntary manner because "the trial judge misled him into believing that he was not facing a presumption of prison time[.]" Appellant's Brief at 2.

{¶ 5} To satisfy the requirements of due process, a guilty plea must be made knowingly, intelligently, and voluntarily, and the record must affirmatively demonstrate as much. *State v. Harris*, 2d Dist. Clark No. 2020-CA-29, 2021-Ohio-1431, ¶ 15. For a plea to be made knowingly, intelligently, and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his

plea and determine if the plea is understandingly and voluntarily made.' " *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).

{¶ 6} Crim.R. 11(C)(2)(c) dictates that the trial court inform the defendant of the constitutional rights he is waiving, like the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt. *State v. Perdue*, 2022-Ohio-722, 185 N.E.3d 683, ¶ 11 (2d Dist.). Strict compliance with this Rule is required. *Id.* A failure to do so invalidates the plea. *Id.*

{¶ 7} "A trial court must substantially comply with the notification of non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and a defendant generally must show prejudice before a plea will be vacated for failure to substantially comply with these notifications." *State v. Easter*, 2016-Ohio-7798, 74 N.E.3d 760, ¶ 8 (2d Dist.). "Substantial compliance" means that under the totality of the circumstances the defendant understands the implications of his plea and the rights he is giving up. *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). A defendant challenging a guilty plea on non-constitutional grounds "must show a prejudicial effect" – in other words, "that the plea would otherwise not have been entered." *Thomas at* ¶ 38.

{¶ 8} As to the underlying charge of GSI, R.C. 2907.05(A)(4) states that no person shall have sexual contact with another if the other is less than 13 years of age, whether or not the offender knows the age of that person. A violation of this section carries a

*presumption* of prison. R.C. 2907.05(C)(2); R.C. 2929.13(D)(1); *State v. Jordan*, 2d Dist. Champaign No. 2016-CA-17, 2017-Ohio-5827, ¶ 15. *See also State v. Montez*, 6th Dist. Lucas No. L-21-1086, 2022-Ohio-640, ¶ 22; *State v. Stephens*, 11th Dist. Portage No. 2018-P-0090, 2019-Ohio-3150, ¶ 15. The presumption can be overcome, and if it is, the court may impose community control sanctions. *Id; State v. Bevly*, 142 Ohio St.3d 41, 2015-Ohio-475, 27 N.E.3d 516, ¶ 25.

{¶ 9} Gau has not argued that the trial court failed to advise him of the constitutional and non-constitutional rights he was giving up by entering a guilty plea, and our review of the record confirms that he was thoroughly informed of his rights. Instead, Gau claims that the trial court misled him into thinking he had a 50-50 chance of receiving community control sanctions, making his plea involuntary. We disagree.

{¶ 10} We begin by noting that a trial judge is not required, when accepting a guilty plea, to inform a defendant of the statutory presumption in favor of incarceration or to ascertain that the defendant understands that presumption. *State v. Good*, 2d Dist. Clark No. 2022-CA-39, 2023-Ohio-1510, ¶ 13; *State v. Gales*, 2d Dist. Greene No. 1997-CA-114, 1998 WL 698363, *4 (Oct. 9, 1998) ("[T]here is no provision in Crim.R. 11 for determining that the defendant has an understanding of the statutory presumption in favor of incarceration[.]").

{¶ 11} During the plea colloquy, the trial court made it clear at least twice that there were two possible outcomes: imposition of a prison sentence or community control sanctions. First, the court stated that it had "the option of doing one of two things; either impose a prison sentence or grant community control. Those are the Court's only two

options." Plea Tr. at 10. A short time later, it asked: "Now, appreciating that these are the two options, and the Court has to pick one of those, also appreciating I can't tell you today which one I will impose * * *, I ask you. Do you still want to go forward with the change of plea to guilty?" Plea Tr. at 12. There was nothing false or misleading about those statements. The court did not promise community control, nor did it rule out the possibility of a prison term; it accurately advised Gau of the case's possible outcomes. In every non-mandatory prison term case, there are two potential dispositions: community control or prison. Further, Gau's plea agreement (which he signed and stated that he understood) clearly set out that both a prison term of up to 60 months or community control sanctions were possibilities.

{¶ 12} Gau also believes that the trial court should have honored the parties' joint recommendation that he be sentenced to community control. There are two problems with this argument. First, there is scant evidence that there was such an agreement. There was no mention of it at the plea hearing by either party or the court, and there is nothing in the plea agreement itself that indicates there was an agreement as to sentence. That form indicates that there was a range of prison sentences available from 12 to 60 months, or community control sanctions. The only mention of it was by defense counsel at the disposition.

{¶ 13} Second, even if there were an agreed recommendation, Ohio courts have held that a trial court is not bound to accept a jointly-recommended sentence in a plea agreement. *State v. Underwood*, 124 Ohio St.3d 363, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28; *State v. Stevens*, 2d Dist. Miami No. 2021-CA-40, 2022-Ohio-2974, ¶ 6; *State v. Downing*,

2d Dist. Greene No. 2019-CA-72, 2020-Ohio-3984, ¶ 34; *State v. Elliott*, 2021-Ohio-424, 168 N.E.2d 33, ¶ 15 (1st Dist.) (a recommended sentence is a "nonbinding recommendation to the court, which the court is not required to accept or comment on").

**{¶ 14}** Because the record confirms that Gau was not misled into thinking he was going to get community control, and because the trial court was not required to explain that there was a presumption of prison, we conclude that he entered into the plea agreement in a knowing, intelligent and voluntary manner. The assignment of error is overruled.

### III. Conclusion

**{¶ 15}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.