[Cite as *State v. Williams*, 2013-Ohio-2314.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 JE 7 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| RASSOL WILLIAMS aka | ) | |
| RASOOL HASSAN WILLIAMS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Appellant's Application to Reopen
                              Appeal Under App.R. 26(B)

JUDGMENT:                     Application Denied.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Jane M. Hanlin
                              Prosecuting Attorney
                              Jefferson County Justice Center
                              16001 State Route 7
                              Steubenville, Ohio  43952

For Defendant-Appellant:      Atty. Timothy Young
                              Ohio Public Defender
                              Atty. Kenneth R. Spiert
                              Assistant State Public Defender
                              250 East Broad Street, Suite 1400
                              Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                              Dated:  May 31, 2013

PER CURIAM.

**{¶1}** Appellant Rasool H. Williams has filed a motion to reopen Appeal No. 11-JE-7, pursuant to App.R. 26(B). Appellant is appealing his convictions for murder and having a weapon while under a disability. Prior to filing the motion, he filed a direct appeal to the Ohio Supreme Court which declined to accept jurisdiction. *3/13/2013 Case Announcements*, 2013-Ohio-902.

**{¶2}** Pursuant to App.R. 26(B), a defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of counsel. App.R. 26(B)(1). The defendant must set forth one or more assignments of error or arguments in support that previously were not considered on the merits or that were considered on an incomplete record due to appellate counsel's deficient performance. App.R. 26(B)(2)(c).

**{¶3}** An application for reopening shall be granted if there is a genuine issue as to whether the defendant was deprived of the effective assistance of counsel on appeal. App.R. 26(B)(5). If the court grants the application, it shall appoint counsel to represent the defendant if he is indigent and not currently represented. App.R. 26(B)(6)(a). If the application is granted, the case shall proceed as on an initial appeal except that the court may limit its review to arguments not previously considered, and the briefs on reopening shall address the claim that prior appellate counsel rendered deficient performance which prejudiced the defendant. App.R. 26(B)(7).

**{¶4}** Ineffective assistance of appellate counsel is reviewed using the same test as ineffective assistance of trial counsel, the two-pronged analysis taken from

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must prove that counsel's conduct fell below an objective standard of reasonableness and that prejudice occurred, which means that there was a reasonable probability the results would have been different. *See State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶10-11. Thus, the applicant must prove that counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *Id.* at ¶11, citing *State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001). In seeking reopening, the appellant bears the burden of demonstrating that there is a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of appellate counsel. *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). We recognize that Ohio law presumes the competence of a properly licensed attorney at both the trial and appellate level. *State v. Lott,* 51 Ohio St.2d 160, 555 N.E.2d 293 (1990); *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988).

**{¶5}** In this appeal, Appellant's counsel originally presented two assignments of error raising issues as to the sufficiency and manifest weight of the evidence, and challenging the jury instructions. Appellant now contends that appellate counsel should have raised four more assignments of error: prosecutorial misconduct while cross-examining Appellant and during closing argument; improper admission of "other bad acts" evidence in violation of Evid.R. 404; improper impeachment and refreshing of witness testimony using the witness's grand jury transcripts; and

ineffective assistance of trial counsel for failure to object to the aforementioned errors.

{¶6} Appellant's claims as to alleged error are dubious, at best. For example, Appellant argues that the prosecutor committed grievous error by calling Appellant a "liar" during closing argument. Yet, the record reflects that Appellant admitted that he was a liar. Appellant admitted that he lied to his girlfriend Sabrina Isaac about events that occurred on the morning of the shooting. (Tr., p. 832.) Appellant admitted that he lied about other facts during his testimony: "Q[uestion:] You have admitted on the stand there's a whole bunch of stuff that you have lied about; correct? A[nswer:] I did." (Tr., p. 868.) There would not have been any error in calling Appellant a liar when he testified at least twice that he was a liar. If a defendant testifies that he is liar, a prosecutor is permitted to use that fact at trial, whether during questioning or in closing argument. *State v. Vasarab*, 8th Dist. No. 34284, 1975 WL 183020 (Nov. 20, 1975.) *See also*, *United States v. Bivona*, 487 F. 2d 443, 446 (2d Cir.1973) (defendant's testimony characterized as "lies"); *United States v. Lucianetti*, 369 F.Supp. 358, 363-364 (E.D.Pa.1972) (defendant referred to as a "liar" and "crook"). The mere fact that the prosecutor chose to accurately characterize Appellant with the word "liar" was not error in this case.

{¶7} Similarly, most of the examples of "other bad acts" character evidence cited by Appellant are actually facts required to prove the prosecutor's case, or are simply background circumstances surrounding the crime. Evid.R. 404(B) precludes the admission of evidence of other crimes, wrongs or acts to prove the character of

the accused in order to show that the accused acted in conformity with that character trait. Evidence of "other acts of wrongdoing" is admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278. A trial court is given broad discretion in admitting and excluding evidence, including "other bad acts" evidence. *State v. Maurer*, 15 Ohio St.3d 239, 265, 473 N.E.2d 768 (1984). Ultimately, Appellant would have needed to show that the trial court abused its discretion in admitting the evidence, and this is a very difficult burden to meet on appeal.

**{¶8}** Appellant objects to the discussion of information regarding Appellant's children and the mothers of those children, his employment status in the months leading up to the crime, and the fact that he wrecked his girlfriend's car. None of these items are necessarily examples of character evidence in and of themselves. They were simply facts supporting the state's rather complicated case. Appellant also objects to the prosecutor's references to whether he was or was not "a good dad." The record indicates that Appellant first brought up this issue. (Tr., pp. 372, 375.) We have already dealt with the prosecutor's references to Appellant as a liar. As we continue through the list of evidentiary challenges that Appellant now seeks to raise, it does not appear that any of the alleged errors rises to the level of an abuse of discretion.

**{¶9}** Appellant now objects to the prosecutor's use of grand jury testimony to refresh the memory of witnesses or impeach their testimony. Appellant contends that

the procedure for using grand jury testimony was violated, and that appellate counsel should have raised these errors on appeal. Once again, since these are evidentiary matters, the standard of review was abuse of discretion, which is a high standard for Appellant to meet. *See, e.g., State v. Bedford*, 39 Ohio St.3d 122, 529 N.E.2d 913 (1988) (Evid.R. 612 error reviewed for abuse of discretion); *State v. Asher*, 112 Ohio App.3d 646, 679 N.E.2d 1147 (1st Dist.1996) (Evid.R. 607 error reviewed for abuse of discretion). Appellant does not deny that grand jury testimony may be used for impeachment or to refresh memory under Evid.R. 607 and 612. Notably, no objections were raised by counsel, thus placing Appellant under the even higher "plain error" standard of review. Evid.R. 103. Given these considerations, we cannot find that the result of the appeal would have been different even if these evidentiary matters had been raised.

{¶10} Appellant's predominant complaint running throughout the application to reopen is that prosecutorial misconduct occurred, especially during closing argument. In deciding whether a prosecutor's conduct rises to the level of misconduct, a court determines whether the prosecutor's actions were improper, and, if so, whether the defendant's substantial rights were actually prejudiced. *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984). A prosecutor is afforded wide latitude during closing argument; it is within the trial court's sound discretion to determine whether a comment has gone too far. *State v. Benge*, 75 Ohio St.3d 136, 661 N.E.2d 1019 (1996). A judgment may only be reversed for prosecutorial misconduct if the conduct deprived the defendant of a fair trial, *i.e.*, if the result of the trial would have been

different absent the misconduct. *Lott, supra*, 166; *State v. Skidmore*, 7th Dist. No. 08 MA 165, 2010-Ohio-2846, ¶44.

{¶11} In this case there were multiple eyewitnesses, extensive forensic evidence, and a defense theory that was accurately described by the prosecutor as being based on "invisible bullets, invisible casings, invisible shooters and a fact pattern that just doesn't match the evidence at all." (Tr., p. 907.) Appellant's counsel thoroughly cross-examined witnesses, raised numerous objections, and valiantly presented the defense that Appellant provided. Although the record does reflect that the prosecutor (without objection) went somewhat too far during closing argument when referring to otherwise relevant evidence about Appellant's children, relationships with women, possession of marijuana, and employment as character traits, we cannot conclude that this resulted in an unfair trial. Certainly we cannot conclude that the result would have been different had the errors not occurred. Appellant is not entitled to reopen his appeal for harmless error.

{¶12} Assuming arguendo that one or more of the alleged errors can actually be established, the record does not reflect that either prong of *Strickland* has been met. Simply because there may be errors in the trial court record other than those raised in the direct appeal does not mean that counsel was required to raise these alleged errors. Appellate counsel is not required to raise every possible issue in order to render constitutionally effective assistance. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). " 'Most cases present only one, two, or three

significant questions.... Usually, ... if you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many in the limited number of pages allowed for briefs will mean that none may receive adequate attention. The effect of adding weak arguments will be to dilute the force of the stronger ones.' R. Stern, Appellate Practice in the United States 266 (1981)." *Jones*, 463 U.S. at 752.

{¶13} The additional assignments of error that Appellant now asserts fall well within the category of weak arguments. For example, if counsel had alleged that the prosecutor erred by calling Appellant a liar when Appellant's own testimony identifies himself as a liar. Counsel made choices as to which errors to present on appeal, and we normally defer to those choices as tactical decisions.

{¶14} For an appeal to be reopened under App.R. 26(B) and *Strickland*, the record must indicate both harm and prejudice, *i.e.*, we must find that there is a reasonable probability that the result of the appeal would have been different had the additional assignments of error been raised. *State v. Mack*, 101 Ohio St.3d 397, 2004-Ohio-1526, 805 N.E.2d 1108; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). As discussed, the evidence in this case leads overwhelmingly in favor of the conviction. Appellant's own testimony in his defense removed any possible doubt on a variety of matters that the state had the burden to prove, such as whether he was at the scene of the crime and whether he shot at the victim. In the face of such evidence, Appellant cannot show that the result of his appeal would have been different if appellate counsel had included additional evidentiary challenges on appeal that likely would have been rejected, or had alleged prosecutorial misconduct

using examples that do not reflect misconduct. It would also have been futile to allege ineffective assistance of trial counsel when the record shows that trial counsel performed admirably under the circumstances. Because Appellant has not established either prong of the *Strickland* test, he has provided no reason to reopen this appeal pursuant to App.R. 26(B) and the application to reopen is denied.

Waite, J., concurs.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.