[Cite as *State v. Brown*, 2023-Ohio-2917.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MATTHEW L. BROWN,

    DEFENDANT-APPELLANT.

CASE NO. 1-22-55

**O P I N I O N**

Appeal from Allen County Common Pleas Court
Trial Court No. CR2022 0030

Judgment Affirmed in Part, Reversed in Part

Date of Decision:  August 21, 2023

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**POWELL, J.**

{¶1} Defendant-appellant Matthew L. Brown ("Brown") brings this appeal from the judgment of the Court of Common Pleas of Allen County convicting him of multiple felonies and sentencing him to an aggregate prison term 150 years to life. On appeal Brown challenges 1) the admission of improper testimony; 2) the imposition of mandatory prison terms; and 3) that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

*Background*

{¶2} Brown was married to a woman ("B.B") who had a child ("the Victim") from a prior relationship. The Victim was born in 2007, and Brown began his relationship with B.B. in 2012. After the marriage ended, Brown would visit his biological children with B.B., but the Victim would not interact with him anymore.

{¶3} In 2022, Brown's niece contacted B.B. through Facebook and expressed her concerns that the Victim was displaying signs that he had been sexually abused. Following this, B.B. and the Victim's grandmother spoke with the Victim and asked him if anyone had touched him inappropriately. The Victim denied it, but later messaged B.B. and admitted to being abused. B.B. and the Victim's grandmother spoke with the Victim again, and the Victim's grandfather contacted the police. B.B. then contacted Brown and asked him about what had happened. Brown apologized and stated that he was sick.

{¶4} On March 17, 2022, the Allen County Grand Jury indicted Brown on five Counts: 1) Sexual Battery in violation of R.C. 2907.03(A)(5), 2907.03(B), a felony of the second degree; 2) Sexual Battery in violation of R.C. 2907.03(A)(5), 2907.03(B), a felony of the second degree; 3) Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), 2907(C)(2), a felony of the third degree; 4) Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), 2907(C)(2), a felony of the third degree; and 5) Importuning in violation of R.C. 2907.07(A), 2907.07(F)(2), a felony of the third degree. Brown entered a written plea of not guilty to all counts. On June 16, 2022, the Allen County Grand Jury issued a superseding indictment consisting of 19 Counts: nine counts of Rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; seven counts of Sexual Battery in violation of R.C. 2907.03(A)(5), felonies of the second degree; two counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree; and one count of attempted rape in violation of 2923.02/2907.02(A)(2), a felony of the second degree. Brown entered pleas of not guilty to all counts.

{¶5} A jury trial was held from July 19-21, 2022. The jury returned verdicts of guilty as to all nineteen counts in the superseding indictment. The trial court accepted the verdicts and continued the matter for sentencing. A sentencing hearing was held on August 29, 2022.

| Count | Offense | Sentence |
|-------|---------|----------|
| 1 | Rape | 10 years to life – mandatory |
| 2 | Sexual battery | Merged with count 1 |
| 3 | Gross sexual imposition | 60 months – mandatory |
| 4 | Rape with force | 25 years to life - mandatory |
| 5 | Sexual battery | Merged with count 4 |
| 6 | Gross sexual imposition | 60 months – mandatory |
| 7 | Rape with force | 25 years to life - mandatory |
| 8 | Rape | Merged with count 7 |
| 9 | Sexual battery | Merged with count 7 |
| 10 | Rape with force | 25 years to life – mandatory |
| 11 | Sexual battery | Merged with count 10 |
| 12 | Rape with force | 25 years to life – mandatory |
| 13 | Rape | Merged with count 12 |
| 14 | Sexual battery | Merged with count 12 |
| 15 | Rape | 11 years to 16.5 years – mandatory |
| 16 | Sexual battery | Merged with count 15 |
| 17 | Rape | 11 years to 16.5 years – mandatory |
| 18 | Sexual battery | Merged with count 17 |
| 19 | Attempted rape | 8 years to 12 years |

The trial court also ordered that the sentences be served consecutive to each other for an aggregate prison term of 150 years. Brown filed a timely notice of appeal from this judgment. On appeal, Brown raises the following assignments of error.

### First Assignment of Error

**[Brown's] due process rights were violated by the improper admission of testimony from police officers and a forensic interviewer to the effect that the alleged victim and his family were being truthful.**

### Second Assignment of Error

**The trial court improperly imposed mandatory prison terms on counts three and six for gross sexual imposition.**

### Third Assignment of Error

**[Brown] was deprived of his rights to the effective assistance of counsel under the state and federal constitutions because defense counsel failed to object to improper testimony and unlawful mandatory prison terms.**

*Bolstering of Testimony*

{¶6} In his first assignment of error, Brown alleges that the trial court erred by allowing police officers and a forensic interviewer to testify to the effect that the Victim and his family were being truthful. The determination of the weight to be given to evidence and the assessment of a witness' credibility is left to the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). "In our system of justice it is the fact finder, not the so-called expert or lay witnesses, who bears the burden of assessing the credibility and veracity of witnesses." *State v. Eastham*,

39 Ohio St.3d 307, 312, 530 N.E.2d 409 (1988). As a result, the opinion of one witness as to the veracity of another witness is inadmissible. *State v. Smith*, 10th Dist. Franklin No. 16AP-21, 2017-Ohio-9283, ¶46, 102 N.E.3d 9283. "When such testimony is admitted, it is subject to a harmless error analysis on review." *Id*.

**{¶7}** Initially, we note that Brown does not specifically identify which statements he finds to be bolstering the testimony of the Victim and the family members who testified. A review of the record shows that the State asked Sergeant Lawrence Wallace ("Wallace") if there was anything in the demeanor of the Victim, B.B., or the Victim's grandmother that he "found to be disingenuous". Tr. 317. Wallace answered "No." Tr. 317.

**{¶8}** Deputy Clayton Eichman ("Eichman") testified to the demeanor of the Victim, B.B. and the Victim's grandmother. Like Wallace, Eichman was also asked if he found anything in the demeanor of the Victim, B.B., and the Victim's grandmother to be disingenuous. Eichman answered no to each question.

**{¶9}** Shelby Lutterbein ("Lutterbein") testified that she is an investigator for Allen County Children's Services. Lutterbein testified that during the interview she conducted with the Victim, the Victim's reactions were not atypical. The State asked Lutterbein how she knew if a child was lying to her and she testified to some indications of deception she sees in children. Lutterbein then testified that she did not observe those indications when interviewing the Victim.

**{¶10}** In all of the above testimony, the State did not specifically ask the witnesses if they believed the testimony of the Victim and the family members. Instead, the State asked the witnesses if they observed anything in their interactions with the Victim and the family members that would indicate they were lying. This Court has previously addressed this issue in *State v. Daley*. 3d Dist. Seneca No. 13-13-26, 2014-Ohio-2128. In *Daley*, the detective was specifically asked as follows.

> Q: You've been trained in identifying deception in people that you deal with, haven't you?
>
> A: Correct.
>
> Q: Did Ms. Tenney display or demonstrate, during the course of that portion of the interview where she revealed the sexual incident, did she demonstrate behaviors indicating that she was being deceptive?
>
> A: No. No, she did not.

*Id*. at ¶ 47. The detective did not testify whether a witness "was truthful or not deceptive but rather, that she did not 'display or demonstrate * * * behaviors indicating that she was being deceptive'". *Id*. at ¶ 50.

> Testimony based on the perception of a witness is within the scope of permissible lay opinion testimony under Evid.R. 701. * * * Here, Detective Reinbolt testified about Tenney's *behavior* as he perceived it when she was describing "the sexual incident." * * * This testimony did not rise to the level of expressing an opinion as to the veracity of Tenney and as such, was not improper. *See [State v. Davis,* 116 Ohio St.3d 404, 2008-Ohio-2, 116-120, 880 N.E.St.3d 404] (holding that a lay witness's testimony that another witness was "very non-committal, very wishy washy," was not an improper description of the witness's demeanor that was relevant in showing evasiveness).

*Id.* This Court then found the testimony to be admissible, as it did not "impermissibly infringe on the role of the fact finder". *Id.* at ¶ 53.

**{¶11}** Brown argues that allowing the above referenced testimony was allowing the witnesses to testify as to the veracity of the Victim and the family members. However, the testimony of the witnesses went to what they observed or did not observe, not to the truthfulness of the witness. Evidence Rule 701 allows a witness to testify to an opinion if it is 1) rationally based on the perception of the witness and 2) would be helpful to a clear understanding of the witness's testimony or a determination of a fact in issue. The testimony of the witnesses complies with the requirements of Evidence Rule 701. Pursuant to this Court's holding in *Daley*, the testimony of the witnesses was admissible. The first assignment of error is overruled.

*Mandatory Sentences for Gross Sexual Imposition*

**{¶12}** Brown claims in the second assignment of error that the trial court erred by ordering that his sentences for the gross sexual imposition convictions were mandatory pursuant to R.C. 2905.05(C)(2). In support of this argument, Brown cites to the Ohio Supreme Court's holding in *State v. Bevly,* 142 Ohio St.3d 41, 2015-Ohio-475, 27 N.E.3d 516. The State concedes that the trial court held contrary to the holding in *Bevly* and requests a remand for a new sentencing hearing. We agree.

**{¶13}** In *Bevly*, the Court held as follows.

> [B]ecause there is no rational basis for the provision in R.C. 2907.05(C)(2)(a) that requires a mandatory prison term for a defendant convicted of gross sexual imposition when the state has produced evidence corroborating the crime, the statute violates the due-process protections of the Fifth and Fourteenth Amendments to the United States Constitution. Furthermore, because a finding of the existence of corroborating evidence pursuant to R.C. 2907.05(C)(2)(a) is an element that must be found by a jury, we hold that the application of R.C. 2907.05(C)(2)(a) in this case violated Bevly's right to trial by jury found in the Sixth and Fourteenth Amendments of the United States Constitution.

*Bevly, supra* at ¶ 29. The Court then reversed the judgment and remanded the case to the trial court for resentencing. *Id.*

**{¶14}** This Court recently addressed a similar case. In *State v. Smith*, the defendant was convicted of 17 counts of rape and four counts of gross sexual imposition. *State v. Smith*, 3d Dist. Allen No. 1-22-40, 2023-Ohio-1613. Smith argued on appeal that the trial court erred by imposing mandatory prison terms for gross sexual imposition based upon a finding that there was evidence to corroborate the victim's claims. This Court held that the trial court erred by finding that the sentences were mandatory and that the sentence was contrary to law. *Id. at ¶* 46. This Court went on to say in the *Smith* case, that the error was "obvious, and any sentence imposed by the trial court for gross sexual imposition upon remand would be different, as it would not be a mandatory sentence. *Id*. at ¶ 47. The assignment of error was sustained and the matter was remanded for resentencing. *Id*. at ¶ 48.

{¶15} Here, Brown was found guilty of the charges by a jury. Pursuant to the holdings in *Bevly* and *Smith*, we hold that the sentence imposed by the trial court was contrary to law. Although there will not be a practical effect on the length of Brown's imprisonment given the extent of the sentence imposed, it is appropriate to remand this matter for resentencing as to Counts 3 and 6. The second assignment of error is sustained.

*Ineffective Assistance of Counsel*

{¶16} In the third assignment of error, Brown claims that he was denied the effective assistance of counsel because counsel 1) failed to object to the bolstering testimony and 2) failed to object to the mandatory prison terms for the gross sexual imposition.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. *See Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 31

O.O.2d 567, 209 N.E.2d 164; *State v. Jackson*, 64 Ohio St.2d [107] at 110–111, 18 O.O.3d [348] at 351, 413 N.E.2d [819] at 822.

*State v. Calhoun*, 86 Ohio St.3d 279, 289, 1999-Ohio-102, 714 N.E.2d 905. "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 3d Dist. Seneca No. 13-15-42, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20. "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180 quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶17} Here, Brown alleges that counsel made two substantial errors. The first is that counsel failed to object to the statements by witnesses that bolstered the testimony of the Victim and the Victim's family members. This issue was addressed in the first assignment of error and found to be without merit. Since no violation was found, counsel could not have been ineffective for this alleged failure.

{¶18} Brown also claims that counsel was ineffective for failing to object to the imposition of mandatory sentences on the gross sexual imposition convictions. This issue was addressed in the second assignment of error. Having found that the

trial court erred in imposing the mandatory sentences, the matter was remanded for resentencing. As a result, this claim is rendered moot and need not be addressed at this time. For these reasons, the third assignment of error is overruled.

{¶19} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County is affirmed in part and reversed in part. The matter is remanded to the trial court for the purpose of resentencing as to Counts 3 and 6 in accord with this opinion.

*Judgment Affirmed in Part*
*Reversed in Part*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**

**\*\* Judge Stephen W. Powell of the Twelfth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**