[Cite as *State v. Bowman*, 2025-Ohio-2729.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

PAUL E. BOWMAN,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-47

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2023 0327

Judgment Affirmed

Date of Decision:  August 4, 2025

APPEARANCES:

    *Elise Grifka Wander* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Paul E. Bowman ("Bowman"), appeals the June 26, 2024 judgment entry of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On November 16, 2023, the Allen County Grand Jury indicted Bowman on 17 Counts: Counts One, Two, Nine, Ten, and Eleven of rape in violation of R.C. 2907.02(A)(1)(b), (B), first-degree felonies; Counts Three, Five, Seven, Twelve, Fourteen, and Sixteen of rape in violation of R.C. 2907.02(A)(2), (B), first-degree felonies; and Counts Four, Six, Eight, Thirteen, Fifteen, and Seventeen of sexual battery in violation of R.C. 2907.03(A)(5), (B), third-degree felonies. On November 27, 2023, Bowman appeared for arraignment and entered pleas of not guilty.

{¶3} The case proceeded to a jury trial on May 21-23, 2024. On May 23, 2024, the jury found Bowman guilty of Counts One through Four and Counts Seven through Seventeen. At the State's request, the trial court dismissed Counts Five and Six.

{¶4} On June 25, 2024, the trial court sentenced Bowman to a minimum term of 10 years to a maximum term of life in prison on Counts One, Two, Nine, Ten, and Eleven, respectively; 10 years in prison on Counts Three and Seven, respectively; and a minimum term of 10 years to a maximum term of 15 years in

prison on Counts Twelve, Fourteen, and Sixteen, respectively.[1] The trial court ordered the prison terms imposed as to Counts One and Two to be served concurrently with each other, Counts Three and Seven to run concurrently with each other, Counts Nine, Ten, and Eleven to run concurrently with each other, and Counts Twelve, Fourteen, and Sixteen to run concurrently with each other. These concurrent sentences were then ordered to run consecutively to one another for an aggregate sentence of a minimum term of (a mandatory) 40 years to a maximum term of 45 years to life in prison. Moreover, the trial court merged Counts Three and Four, Seven and Eight, Twelve and Thirteen, Fourteen and Fifteen, and Sixteen and Seventeen, respectively, for purposes of sentencing. Further, the trial court classified Bowman as a Tier III sex offender.

{¶5} Bowman filed his notice of appeal on July 22, 2024. He raises one assignment of error for our review.

**Assignment of Error**

**During the direct examination of social worker Shelby Lutterbein, the State was erroneously permitted to solicit a conclusory, blanket opinion about the truthfulness of one of the victims' testimony, in violation of longstanding Ohio law. Tr. 380-386, 391-392.**

{¶6} In his sole assignment of error, Bowman argues that the trial court erred by permitting Shelby Lutterbein ("Lutterbein"), a children services investigator with

---

[1] The trial court filed its judgment entry of sentence on June 26, 2024.

Allen County Children Services, to offer a conclusory opinion on the victim's truthfulness. To achieve this outcome, Bowman specifically asks this court to overrule our precedent in *State v. Brown*, arguing it was wrongly decided and is inconsistent with the well-established Ohio law that prohibits one witness from expressing an opinion on the credibility of another. 2023-Ohio-2917, ¶ 6-11 (3d Dist.).

### *Standard of Review*

{¶7} "Generally, '[a] trial court is given broad discretion in admitting and excluding evidence . . . ." *State v. Wendel*, 2016-Ohio-7915, ¶ 23 (3d Dist.), quoting *State v. Williams*, 2013-Ohio-2314, ¶ 7 (7th Dist.). Consequently, we review a trial court's admission or exclusion of evidence for an abuse of discretion. *Williams* at ¶ 7. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

### *Analysis*

{¶8} In legal proceedings, it is the exclusive role of the trier of fact to determine the credibility and veracity of witnesses. *State v. Bruce*, 2023-Ohio-3298, ¶ 60 (3d Dist.). Therefore, a witness is generally prohibited expressing an opinion regarding the truthfulness of another witness. *State v. Daley*, 2014-Ohio-2128, ¶ 49 (3d Dist.). "'When a witness expresses an opinion as to the veracity of another witness, it has the effect of acting as a "litmus test" on the key issue in the case and infringing on the role of the fact finder, "who is charged with making determinations

of veracity and credibility.""" *Id.*, quoting *State v. Hensley*, 2005-Ohio-664, ¶ 38 (6th Dist.), quoting *State v. Boston*, 46 Ohio St.3d 108, 128-129 (1989), *modified on other grounds*, *State v. Dever*, 64 Ohio St.3d 401 (1992).

{¶9} Conversely, "witness perception testimony" is admissible under Evid.R. 701 and 702. *Id.* at ¶ 50; *State v. Salyers*, 2020-Ohio-147, ¶ 28-30 (3d Dist.). "'Evid.R. 701 governs opinion testimony by lay witnesses and provides that such testimony "is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.'" *Salyers* at ¶ 28, quoting *State v. Carson*, 2018-Ohio-4352, ¶ 12 (2d Dist.), quoting Evid.R. 701. In contrast, Evid.R. 702 permits a witness to testify as an expert if all of the following applies:

> (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
>
> (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
>
> (C) The witness' testimony is based on reliable scientific, technical, or other specialized information.

Evid.R. 702.

{¶10} "'The line between expert testimony under Evid.R. 702 and lay opinion testimony under Evid.R. 701 is not always easy to draw.'" *Salyers* at ¶ 30,

quoting *State v. Ndao*, 2017-Ohio-8422, ¶ 25 (2d Dist.). "However, "'courts have permitted lay witnesses to express their opinions in areas in which it would ordinarily be expected that an expert must be qualified under Evid.R. 702.'"" *Id.*, quoting *Ndao* at ¶ 25, quoting *Hetzer-Young v. Elano Corp.*, 2016-Ohio-3356, ¶ 43 (2d Dist.). *See also Bruce* at ¶ 61 ("'While Evid.R. 608(A) permits testimony regarding a witness's general character or reputation for truthfulness, the rule prohibits testimony regarding a witness's truthfulness on a particular occasion.'"), quoting *State v. Pawlak*, 2014-Ohio-2175, ¶ 41 (8th Dist.).

> ""'Although these cases are of a technical nature in that they allow lay opinion testimony on a subject outside the realm of common knowledge, they still fall within the ambit of the rule's requirement that a lay witness's opinion be rationally based on firsthand observations and helpful in determining a fact in issue. These cases are not based on specialized knowledge within the scope of Evid.R. 702, but rather are based upon a layperson's personal knowledge and experience.'""

*Salyers* at ¶ 30, quoting *Ndao* at ¶ 25, quoting *Hertzer-Young* at ¶ 43, quoting *State v. McKee*, 91 Ohio St.3d 292, 296-297 (2001). Nevertheless, the State elicits such opinion evidence at its peril, particularly where the evidence essentially involves a credibility contest and significant independent evidence of the offenses is lacking. *Bruce* at ¶ 64.

{¶11} At trial, Lutterbein testified on behalf of the State as a *lay* witness about her observations during an interview with the victim, H.B. As relevant to this appeal, the following exchange took place:

| | |
|---|---|
| [The State]: | Have you ever interviewed a child who's not telling the truth? |
| [Lutterbein]: | Yes. |
| [The State]: | And how did you know that child was not telling the truth? |

. . .

| | |
|---|---|
| [The State]: | Generally if you were in an interview would [sic] kind of indicia of untruthfulness would you be looking for? |
| [Lutterbein]: | Sure. So, children or anybody that's telling a lie, well, the more knowledge you have about the subject that you're lying about the better your lie is going to be. So, the same with children. So, specifically when we're talking about sex abuse children typically don't have a framework of knowledge and experience to pull from regarding sex, or sexual abuse, or sexual acts. So, when I am talking to the child and asking them about an incident or topic of concern, well, when I'm asking specific details they don't have the knowledge base to pull from about specific sex acts or sexual details and so the information that they could be giving if they're not being truthful, well, the information would seem nonsensical to anybody that has knowledge of sex or has that framework of knowledge to pull from. |
| [The State]: | Going back to the interview with [H.B.], what did you observe her demeanor to be during the forensic interview? |
| [Lutterbein]: | She was quiet. She had her head down and hands in her hoodie front pocket. Just quiet. |
| [The State]: | And did you observe anything during the forensic interview with [H.B.] that would indicate that she was being untruthful? |
| [Lutterbein]: | No. |

(May 21-23, 2024 Tr., Vol. II, at 391-392).

{¶12} Here, Bowman argues that Lutterbein's testimony constitutes improper opinion testimony as to the victim's truthfulness, which violates Ohio's precedent against witness vouching. He contends that Lutterbein's testimony was not a simple observation but rather a conclusory opinion designed to bolster the victim's credibility, infringing upon the jury's exclusive role as the finder of fact. Bowman asserts that this error was permitted only because the trial court followed the flawed precedent of *State v. Brown*, and he directly advocates for this court to overrule *Brown* on the grounds that it was wrongly decided and conflicts with other controlling Ohio law. 2023-Ohio-2917, at ¶ 6-11 (3d Dist.).

{¶13} To begin with, we decline Bowman's request to overrule our precedent in *State v. Brown*. Decisively, Bowman's argument does not identify an incorrect statement of the law within *Brown* but rather challenges how that law was applied to the specific facts and circumstances of *that* case. Indeed, while the application of the legal standard set forth in *Brown* to the specific facts and circumstances of that case could have been more robust, this does not undermine the correctness of the legal standard itself. In other words, the proper focus of this appeal is only whether the trial court correctly applied the established legal principles, not on re-evaluating the specific factual findings of a previous case. Thus, this appeal is not

the proper venue to reconsider the factual application of a prior, correctly stated legal precedent, and we will not do so here.

**{¶14}** Moreover, after reviewing Lutterbein's testimony, even assuming without deciding that her testimony crossed into the territory of improperly vouching for the truthfulness of the victim, we conclude that any such error was harmless as it did not prejudice the outcome of Bowman's case. When testimony giving an opinion on the truthfulness of another witness is admitted, it is subject to a harmless error analysis on review. *State v. Smith*, 2017-Ohio-9283, ¶ 46 (10th Dist.); *State v. Bump*, 2013-Ohio-1006, ¶ 83 (3d Dist.). "Under harmless error analysis, '[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.'" *Smith* at ¶ 47, quoting Crim.R. 52(A). "There are 'two requirements that must be satisfied before a reviewing court may correct an alleged error.'" *Id.*, quoting *State v. Fisher*, 2003-Ohio-2761, ¶ 7. "'First, the reviewing court must determine whether there was an "error"—i.e., a "deviation from a legal rule."'" *Id.*, quoting *Fisher* at ¶ 7, quoting *United States v. Olano*, 507 U.S. 725, 732-733 (1993). "'Second, the reviewing court must engage in a specific analysis of the trial court record—a so-called "harmless error" inquiry—to determine whether the error "affected substantial rights" of the criminal defendant.'" *Id.*, quoting *Fisher* at ¶ 7. "To affect substantial rights, the error must be prejudicial, in that it affected the outcome of the trial." *Id.*

{¶15} The error of allowing one witness to testify that a victim is telling the truth is considered harmless if the victim also testifies at trial and is subject to cross-examination. *Bruce*, 2023-Ohio-3298, at ¶ 64 (3d Dist.). The rationale for this harmless error rule is that when the victim testifies, the jury can make its own independent judgment regarding the victim's credibility based on firsthand observation of their testimony and demeanor. *Id.*

{¶16} In this case, H.B. testified at length at trial and was available for cross-examination, giving the jury a sufficient, independent basis to assess her demeanor and veracity firsthand. *Accord Bump* at ¶ 83; *State v. Leigh*, 2017-Ohio-7105, ¶ 25 (6th Dist.). Therefore, the admission of Lutterbein's testimony did not prejudice the outcome of Bowman's case and does not warrant a reversal of his convictions. *Accord id.*; *Id.*

{¶17} Bowman's assignment of error is overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**

Case No. 1-24-47

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

Mark C. Miller, Judge

DATED:
/hls

-11-